## Hicks Estate.

Argued January 10, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

132

*Kenneth G. Jackson,* with him *Charles Weiss,* and *Thorp, Reed & Armstrong,* for appellant.

*Malcolm Anderson,* with him *Griggs, Moreland, Blair & Douglass,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 17, 1964:

On December 19, 1961, James T. McLaughlin, M.D., physician for Melinda Morrow Hicks, appellant, filed petitions in the Orphans' Court of Allegheny County, seeking to have appellant declared incompetent and to have guardians appointed for her person and her estate. The petitions did not pray for the issuance of a citation. It is a conceded fact of record that no citation was sought, awarded or served upon the alleged incompetent. On presentation of the petitions, the court entered an order fixing January 4 as the date for hearing. Dr. McLaughlin was directed to serve copies of the petitions, together with notice of the same, upon appellant ten days prior to the date of hearing. The order provided that notice was to be given appellant "by a reading of the petition to her by her physician. . . ." This Dr. McLaughlin did on December 24, 1961, at St. Francis Hospital, Pittsburgh, where appellant was a patient. Counsel who had previously acted for and represented Melinda Morrow Hicks prepared the petitions and conducted the proceedings which followed.

Testimony was taken by the court on January 4 and January 8, 1962, to determine the issues raised by the petitions. On January 15, 1962, the court adjudicated appellant an incompetent in accordance with the Incompetents' Estates Act of 1955, February 28, 1956, P. L. (1955) 1154, as amended, 50 P.S. §§3101-3801 (Supp. 1963), and appointed The Commonwealth Bank and Trust Company guardian of her estate and her person. Appellant was not present at the proceedings because it was Dr. McLaughlin's opinion that it would be harmful to her to hear the testimony concerning her condition.

On or about March 9, 1962, appellant retained counsel of record in this appeal, who applied to the orphans' court for review of the impounded record of the above proceedings. This request was granted. On August 2, 1962, following the filing of an appropriate petition and answer by the guardian, the court entered an order confirming appellant's retention of counsel as of March 9, 1962, and directing that counsel have wide latitude in reviewing the proceedings.

On April 23, 1963, appellant petitioned the court to vacate the decree of incompetency and to direct the guardian to deliver to her all the assets of her estate and to account for the period of its administration. The petition attacked the jurisdiction of the court over the person of appellant on the ground that no citation had been issued or served upon her. It alleged, inter alia, that she was not represented by counsel, or by any one else, that she was never adequately advised of the true nature or consequences of the proceedings, and that she did not learn until after March 9, 1962, that she was entitled to a trial by jury on the issue of her incompetency. It further averred denial of appellant's personal and property rights guaranteed by the federal and state constitutions.

The guardian filed preliminary objections asserting that the petition failed to state a cause of action. On October 2, 1963, the court en banc sustained the preliminary objections and dismissed the petition of April 23. At the same time, the court, sua sponte, entered two orders directing that (1) a memorandum reciting the conversation in a personal interview between the hearing judge and appellant on January 10, 1962,[1] and (2) a report of the court's investigators filed January 8, 1962, be made a part of the record.

The appeals before us are from the dismissal of the petition to vacate the decree of incompetency as well as from the orders enlarging the record.

In the orphans' court, a citation is the proper process by which initial jurisdiction over the person is obtained. Section 704 of the Orphans' Court Act of 1951, P. L. 1163, 20 P.S. §2080.704 (Supp. 1963), is clear and mandatory and provides: "Citation. Jurisdiction of the person shall be obtained by citation to be awarded by the court upon application of any party in interest. The citation shall direct the party named therein to file a complete answer under oath to the averments of the petition on or before a day certain, which shall be not less than ten days after the service thereof, and to show cause as the decree of the court shall provide."

Similarly, Section 14 of the Supreme Court Orphans' Court Rules and Rule 39 of the Allegheny County Orphans' Court Rules both require the issuance of a citation and the service thereof in order to obtain jurisdiction to decree incompetency.

Careful examination of the entire record satisfies us that we need reach but one of the substantial questions raised by appellant in order to properly dispose

---

[1] The hearing judge arranged to have the alleged incompetent brought into his chambers for interview.

of these appeals, i.e., did the court below acquire jurisdiction over the person of Melinda Morrow Hicks? The instant record readily convinces us that it did not. In the absence of service of citation upon appellant or general appearance on her behalf, all that transpired below was without jurisdiction over her person and was, therefore, a nullity. The decree of incompetency, without actual jurisdiction over appellant, lacks validity and binding effect. Accordingly, it was error to dismiss the petition and to refuse to vacate the adjudication of incompetency and the orders enlarging the record.

In *Curry Appeal,* 390 Pa. 105, 108, 134 A. 2d 497, 499 (1957), quoting from *Komara's Estates,* 311 Pa. 135, 140, 166 Atl. 577, 579 (1933), this Court stated: " 'As we said in White's Est., 163 Pa. 388, 399: "But the conclusive character of a judgment or decree depends not only upon the statutory grant of jurisdiction to the court pronouncing it, but upon actual jurisdiction over the persons whose rights are the subject of investigation. Unless the court has the parties before it, by appearance or service of process, it is obvious that it cannot bind them by its adjudications." Under such circumstances, the decree of the court is void and is subject to collateral attack: [citing cases].' "

Accord, *Garrison Estate,* 391 Pa. 234, 137 A. 2d 321 (1958); *Pruner Estate,* 390 Pa. 529, 136 A. 2d 107 (1957).

The record is clear that the hearing judge acted with commendable and genuine understanding in seeking to protect and advance appellant's welfare. With complete frankness, the court observed: "The omission to provide for the award and service of a citation in the case at bar was an inadvertent one on the part of the Court and counsel for the petitioner. We do not condone or attempt to justify this mistake. The award of a citation would have been more careful and com-

pliant practice with the provisions of the Orphans' Court Act and the rules of court. The error in procedure in the case at bar did not deprive the alleged incompetent of either notice of the petition, the hearing thereon or of an opportunity to be heard. The record proclaims emphatically that Melinda Morrow Hicks had full, complete and wholly adequate notice of the petition and the hearing thereon. The Court was careful to see to it that she knew and understood all that was involved."

Despite the earnest consideration which the court extended to appellant, we are unable to share its view that "although a citation was not awarded and served in the case at bar, the notice given to the respondent was a full equivalent." The statutory requirement of citation as the mandated original process for obtaining jurisdiction over the person is substantive, not merely procedural, and it is not satisfied by compliance merely with the notice provision of the Incompetents' Estates Act of 1955, February 28, 1956, P. L. (1955) 1154, §301, as amended, 50 P.S. §3301 (Supp. 1963). The controlling issue here is not one of notice but rather of the more fundamentally essential prerequisite of jurisdiction over the person. It is by citation that jurisdiction is conferred over the person. Notice, no matter how adequate, is not a permissible substitute for the original process directed by §704 of the Orphans' Court Act. Cf. *Commonwealth v. Dauphin County,* 354 Pa. 556, 47 A. 2d. 807 (1946).

Similarly, the investigators' interview with appellant and the subsequent interview by the hearing judge in his chambers—while unquestionably well intentioned—failed to supply the basic requirement of jurisdiction over her person.

We are unable to accept the view of the court below that appellant "acknowledged the validity of the decree of incompetency in the several petitions presented

by her to the Court after the entry of the decree."
The action of appellant and her counsel subsequent to
that decree does not constitute an assent to the validity
of the adjudication of incompetency. Those actions
merely reflect a recognition that such a proceeding
took place. Moreover, nothing done on appellant's
behalf subsequent to the decree of incompetency cured
the fatal defect of the initial absence of jurisdiction
over her person. The court below never legally ac-
quired jurisdiction over the person of appellant, either
by valid service of process or appearance prior to the
adjudication of incompetency.

In the absence of jurisdiction over appellant, the
decree of incompetency dated January 15, 1962, and
the orders of October, 2, 1962, are without validity.

Decree reversed. Each party to bear own costs.

Mr. Justice MUSMANNO dissents.