## Rosini Estate.

Argued April 27, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Myron M. Moskowitz,* for appellant.

*W. Irvine Wiest,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 27, 1967:

On July 24, 1963, the Orphans' Court of Northumberland County adjudicated Anna Maye Rosini an incompetent and appointed her father, Carl D. Baker, guardian of her estate. The adjudication of incompetency resulted from a hearing which followed a petition filed by Lila P. Baker, who was represented by W. Irvine Wiest, Esquire. The petition contained the necessary averments of mental incompetency and inability to manage property. In connection with the incompetency proceedings, no citation was issued or served on the alleged incompetent, nor was any appearance ever entered on her behalf.

Pursuant to the adjudication of incompetency and his appointment as guardian, Carl Baker entered upon his duties and performed them until August of 1966. At that time, Dennis Rosini, the son of the alleged incompetent, filed a petition to remove Carl Baker as guardian of the estate on the grounds that he was wast-

ing and mismanaging the incompetent's estate; that he failed to perform the duties required of him by law; that the interest of the incompetent and her estate would be jeopardized by his continuation as guardian, as he was insolvent and had no assets of his own. The guardian, represented by the same W. Irvine Wiest who had represented the petitioner in the original petition for the adjudication of incompetency, filed an answer to the petition for removal.

On November 21, 1966, the incompetent, also represented by Wiest, petitioned the court for a decree vacating the adjudication of incompetency, for the reason that no citation had issued or been served upon her. The court entered the following decree: "And Now, November 21, 1966, upon consideration of the above and foregoing petition, taking judicial notice of the records of this court and finding that no citation was issued upon the petition of Lila P. Baker praying for a decree adjudging Anna Maye Rosini to be an incompetent and that the said Anna Maye Rosini was not present nor was she represented by counsel at the hearing held on said petition, on motion of W. Irvine Wiest, Esq., attorney for the petitioner, it is

"Ordered, Adjudged and Decreed that the decree of this court dated July 24, 1963, adjudging the said Anna Maye Rosini an incompetent and appointing Carl D. Baker to be the guardian of her estate is hereby vacated and set aside; and it is further

"Ordered, Adjudged and Decreed that the said Carl D. Baker shall deliver to the said Anna Maye Rosini all the assets of her estate which are now in his hands and shall account to her for the period of his administration thereof."

Dennis Rosini appealed from that decree, contending that the court below erred and exceeded its jurisdiction and authority in vacating and setting aside the decree of incompetency.

The sole question in the case at bar is whether the initial decree dated July 24, 1963, appointing Carl D. Baker guardian of the estate of Anna Maye Rosini, was invalid as decreed by the court on November 21, 1966, because no citation was issued and served upon the incompetent prior to the incompetency hearing.

We must affirm the decision reached by the court below. As we said in *Hicks Estate,* 414 Pa. 131, 199 A. 2d 283 (1964) : "In the absence of service of citation upon appellant or general appearance on her behalf, all that transpired below was without jurisdiction over her person and was, therefore, a nullity. The decree of incompetency, without actual jurisdiction over appellant, lacks validity and binding effect. Accordingly, it was error to dismiss the petition and to refuse to vacate the adjudication of incompetency and the orders enlarging the record."

Our examination of the record in this case requires us, however, to modify the decree of the court below. We find that Carl D. Baker, the incompetent's father, was at least a de facto guardian, if not actually a de jure guardian, of the incompetent's estate during the period the decree dated July 24, 1963, was in effect. We agree with the decision reached by the court below in its decree that Carl D. Baker should account for the period of his guardianship. However, we find in the instant case that throughout the proceedings, the incompetent has never been represented. In the initial proceedings, W. Irvine Wiest, Esquire, represented the petitioner, Lila P. Baker. We find the same W. Irvine Wiest representing Anna Maye Rosini on her petition to vacate the adjudication of incompetency. Her son, Dennis Rosini, as the appellant in the instant case, wants his mother to remain an incompetent under the Decree of July 24, 1963. We therefore direct the court below, in addition to what it has decreed, to appoint a guardian ad litem to represent Anna Maye Rosini in

these proceedings, and in the accounting which the de facto guardian has been required to make by order of the court below. Inasmuch as there appears to be a conflict of interests on the part of W. Irvine Wiest, Esquire, he should not be appointed to represent Anna Maye Rosini in the instant case.

Since the decree of July 24, 1963, was a nullity, we do not find it necessary to answer appellant's question as to his standing to intervene; however, this is done without prejudice to appellant's right to institute de novo proceedings in the Orphans' Court of Northumberland County to have his mother, Anna Maye Rosini, declared incompetent.

Decree as modified affirmed and case remanded to the court below with directions to enter a further decree consistent herewith. Costs to be borne by appellant.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.