439 A.2d 1235

**In re Appointment of a Guardian of the Person for Raymond KATIC, a minor.**

**Appeal of Child, by Drew GRIVNA, his guardian.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1981.

Filed Jan. 14, 1982.

Ilene W. Shane, Pittsburgh, for appellant.

John B. Nicklas, Jr., Pittsburgh, submitted a brief on behalf of Swiger, participating party.

Bruce Woodske, Pittsburgh, submitted a brief on behalf of Stahl participating party.

Before SPAETH, HESTER and SHERTZ, JJ.

SPAETH, Judge:

This is an appeal from an order appointing a guardian for a minor alleged to be incompetent. Since the order was entered *ex parte* and without notice or hearing, the lower court had no jurisdiction over the alleged incompetent. We therefore reverse and remand for further proceedings.

On May 23, 1980, C. Eugene Swiger, Executive Director of the Southwest Communities Mental Health and Mental Retardation Centers, filed a petition asking the lower court to appoint a guardian for the person of Raymond Katic. The petition alleged that Raymond was 13 years old; that he had been under Southwest Communities' supervision since September 1979, and had been "temporarily placed" with Victor and Marilyn Stahl as "host parents"; that he suffered from "profound mental retardation" and a severe hydrocephalus that might require operative procedures on short notice; that he was "so mentally defective and incompetent that he

is unable to make proper decisions necessary for his health, safety and welfare, and is accordingly in need of a guardian of his person"; and that if an emergency operative procedure were necessary, his parents' consent could not be obtained because they lived in Oklahoma.

On June 9, 1980, the lower court, *ex parte*, and without notice to Raymond or a hearing, appointed Mr. Swiger guardian of Raymond's person and authorized and directed him "to consent to such necessary operative procedure" as the doctors in charge of Raymond might deem "in the best interests of protecting [Raymond's] health, safety and life."

On June 17, 1980, a request for reconsideration and preliminary injunction was filed on Raymond's behalf. On June 25, the lower court heard argument. It was argued that the order of June 9 should not have been issued without notice to Raymond and a hearing, and also, that the court should consider appointing the Stahls as Raymond's guardians as more personally interested in him and in a better position to make decisions about his welfare. At the conclusion of the argument the lower court denied the request for reconsideration and preliminary injunction, expressing the view that notice was not required. N.T. 6/25/80 at 5, and that "guardianship [should be] based on an agency rather than an individual," *id.*, at 22.

 The Probate, Estates and Fiduciaries Code, Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 Pa.C.S.A. § 101, *et seq.*, prescribes the procedure that must be followed before a court may find a person domiciled in Pennsylvania to be incompetent and appoint a guardian of his person or estate. The Code requires that "[n]otice of the petition and hearing shall be given in such manner as the court shall direct to the alleged incompetent . . . and to such other parties as the court may direct." 20 Pa.C.S.A. 5511(a). Thus, while the court may determine the *manner* of giving notice, it may not *dispense* with notice, which must be given to the alleged

incompetent, before the hearing. If *no notice is given*, the court is without jurisdiction to enter a decree of incompetency. In *Hicks Estate*, 414 Pa. 131, 199 A.2d 283 (1964), the proceeding was under the Orphans' Court Act of 1951, P.L. 1163, 20 P.S. § 2080.704, which provided that jurisdiction of the person should be obtained by citation. The petition seeking to have the appellant declared incompetent and to have guardians appointed of her person and her estate did not pray for the issuance of a citation, and no citation was issued and served on the appellant, although her doctor read the petition to her. In reversing the decree of incompetency, the Supreme Court said:

> In the absence of service of citation upon appellant or general appearance on her behalf, all that transpired below was without jurisdiction over her person and was, therefore a nullity. The decree of incompetency, without actual jurisdiction over appellant lacks validity and binding effect. Accordingly, it was error to dismiss the petition and to refuse to vacate the adjudication of incompetency and the orders enlarging the record.

*Id.*, 414 Pa. at 135, 199 A.2d at 285.

*See also Rosini Estate*, 426 Pa. 220, 223, 232 A.2d 191 (1967).

We must therefore reverse and remand for further proceedings, to be conducted in accordance with the Probate Code.[1]

It is so ordered.

Decision was rendered prior to SHERTZ, J., leaving the bench of the Superior Court of Pennsylvania.

1. Appellant has argued that an adjudication of incompetency without notice or a hearing violates rights guaranteed by the Fourteenth Amendment. Since we have concluded that notice and a hearing are required by the Probate Code, we do not consider this argument. Appellant has also argued that the lower court abused its discretion in failing to make factual inquiry regarding the identity of the guardian. We express no opinion on who should be guardian, if it is determined that Raymond is incompetent. That may, and should, be inquired into at the hearing required by the Probate Code.