J-A06012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: CHRISTIANA ZEIGER, AN ALLEGED INCAPACITATED PERSON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DIANE ZEIGER, DAUGHTER | : : : : : : | |
| | : | No. 1115 MDA 2018 |

Appeal from the Decree Entered June 5, 2018
In the Court of Common Pleas of Cumberland County
Orphans' Court at No(s):  21-17-0094

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 19, 2019**

Diane Zeiger (Daughter), appeals from the decree entered June 5, 2018, in the Court of Common Pleas of Cumberland County, Orphans' Court Division, appointing Keystone Guardianship Services (Keystone) as plenary guardian of the person and estate of Christiana Zeiger, an incapacitated person.[1] Daughter contends the court:  (1) lacked subject matter jurisdiction because it had not given Christiana Zeiger proper notice of the proceedings; (2) abused its discretion in appointing Keystone as plenary guardian of the person instead

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The decree at issue is an orphans' court order appealable as of right pursuant to Pa.R.A.P. 342(a)(5) ("An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust or guardianship[.]").

of Daughter; and (3) abused its discretion in denying Daughter's discovery request. *See* Daughter's Brief, at 5. Based upon the following, we affirm.

Christiana Zeiger, who suffers from Alzheimer's disease, resides in the Country Meadows Retirement Community (Country Meadows). This matter arose when Christiana Zeiger's agent under her power of attorney, Michael Cherewka, Esquire, petitioned the court to declare her incapacitated and sought the appointment of a guardian of her person and estate. On February 7, 2017, the court appointed a guardian *ad litem* (GAL) and issued a citation upon Christiana Zeiger giving her notice of the scheduled hearing on the petition. After several unopposed requests for continuance, the court held a hearing on October 4, 2017.

Christiana Zeiger was present for the October 4, 2017 hearing, at which the court found her incapacitated, but did not appoint a guardian. Based upon the GAL's representation that Daughter opposed the appointment of a third party as guardian of her mother's person and wished to be appointed as the guardian of her person, the court scheduled a second hearing for October 18, 2017, to hear from any parties interested in being appointed plenary guardian.

On October 16, 2017, counsel entered his appearance on behalf of Daughter. The parties agreed to continue the hearing. On December 29, 2017, Daughter filed a petition to obtain Christiana Zeiger's medical records, as well as other unspecified records. The court denied the petition on January 4, 2018.

Additional hearings took place on January 11, 2018, and March 5, 2018. At the January 11, 2018, hearing, Keystone was appointed interim plenary guardian, and additional testimony was taken on March 5, 2018. On June 5, 2018, the court issued a final decree appointing Keystone as plenary guardian of the person and estate of Christiana Zeiger. The court described its reasoning as follows.

> The question of who should be appointed plenary guardian arose out of a dispute among the three surviving children of Christiana Zeiger: sons, Tim and Keith, and [Daughter] that necessitated court involvement. Both sons, [Mr. Cherewka], and GAL all concurred that maintaining housing and nursing care at Country Meadows while appointing [Keystone] as plenary guardian of Christiana Zeiger is in her best interest.
>
> Country Meadows and Keystone are proven service providers that have demonstrated the ability and capacity to care best for [Christiana] Zeiger's infirmities and other needs. [Daughter], however, has not shown an ability or capacity to care fully for her mother. The record indicates, *inter alia*, that on multiple occasions while visiting Country Meadows, [Daughter]: (1) verbally abused and was disrespectful to Country Meadow[s'] staff; (2) used profanity to address and berate staff; (3) caused public scenes and yelled at others — upsetting her mother and disrupting the community; (4) provided invalid doctor orders to Country Meadows; (5) removed Christiana Zeiger for up to weeks at a time causing temporary loss of insurance coverage for those overnight periods; and (6) impeded Country Meadows' ability to provide medical care and services.
>
> Further concern was raised by the fact that [Daughter] was repeatedly warned of her unacceptable conduct by both Country Meadows and the GAL, but she chose not to modify her behavior. Despite [Daughter's] willingness to serve as guardian, and undeniable love for her mother, [her] demonstrated lack of self-control and challenges working constructively with her siblings indicate [Daughter] is not the best choice as guardian of the person or the estate.

Trial Court Opinion, 9/28/2018, at 5-6. On July 5, 2018, Daughter filed the instant, timely appeal.[2]

At the outset, we state our standard of review:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

**Estate of Fuller**, 87 A.3d 330, 333 (Pa. Super. 2014) (citation omitted).

In her first issue, Daughter contends that the orphans' court lacked subject matter jurisdiction over Christiana Zeiger due to lack of proper service. Daughter's Brief, at 5. Daughter argues that the original service on Christiana Zeiger was improper and that an additional citation needed to be issued and served on her each time the court continued the matter. **Id.** at 23-32. In support of these arguments, Daughter relies on the Pennsylvania Supreme Court's decision in **In re Hick's Estate**, 199 A.2d 283, 285 (Pa. 1964). **Id.** at 24. However, Daughter's reliance on **Hicks** is misplaced and this issue is meritless.

_____

[2] On July 31, 2018, in response to the orphans' court's order, Daughter filed a timely concise statement of errors complained of on appeal. On September 28, 2018, the court issued an opinion.

- 4 -

The orphans' court has subject matter jurisdiction over guardianship proceedings pursuant to 20 Pa.C.S.A. § 712(2). **See also** 20 Pa.C.S.A. § 5511. In **Hicks**, our Supreme Court held that the failure to properly serve the citation on the incapacitated person deprived the court of **personal jurisdiction not subject matter jurisdiction.** **Hicks**, **supra** at 285 (citation omitted) ("In the orphans' court, a citation is the proper process by which initial personal jurisdiction over the person is obtained."); **see also In re Katic**, 439 A.2d 1235, 1236 (Pa. Super. 1982). Thus, Daughter's contention that the allegedly improper service in this matter deprived the court of subject matter jurisdiction is mistaken. Moreover, even if we were to deem Daughter's claim a challenge to the jurisdiction of the court over Christiana Zeiger's person, the claim would fail.

With respect to the original service of process, the record reflects that the Deputy Clerk of the Orphans' Court served the original citation on February 7, 2017. **See** Certification of Service Order, 2/07/2017. Moreover, Neil Hendershot, Esquire, the attorney for Mr. Cherewka, personally served Christiana Zeiger with the petition for adjudication of incapacity and the attached citation on March 10, 2017. **See** Affidavit of Service, 3/17/2017. The GAL, Diane Radcliff, testified that she also personally gave Christiana Zeiger a copy of the citation and explained it to her. N.T. Hearing, 1/11/2018, at 5. Moreover, the record reflects that Christiana Zeiger was present at the October 4, 2017 hearing. **See id.**; **see also** N.T. Hearing, 10/04/2017, at 21.

- 5 -

This is all that the statute requires. ***See*** 20 Pa.C.S.A. § 5511(a); ***see also***

***Fleehr v. Mummert***, 857 A.2d 683, 685 (Pa. Super. 2004) (holding court can

obtain personal jurisdiction over party when party appears and takes actions

going to merits of case) (citations omitted), *appeal denied*, 889 A.2d 89 (Pa.

2005).  Daughter's first claim lacks merit.

To the extent Daughter claims that the court was required to issue a

new citation and serve it every time it continued the matter and scheduled a

new hearing, she has waived this claim.  The only issue Daughter raised in

the orphans' court was that the original service of process was defective.  ***See***

N.T. Hearing, 1/11/2018, at 4-6.  Instead, Daughter raised this issue for the

first time in her Rule 1925(b) statement.  ***See*** Concise Statement of Errors

Complained of on Appeal, 7/31/2018, at unnumbered page 3.  An appellant

cannot raise issues for the first time in a Rule 1925(b) statement.

***Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues

raised for first time in Rule 1925(b) statement are waived).

In her second issue, Daughter contends the orphans' court abused its

discretion in naming a third-party entity as guardian of the person and estate

of Christiana Zeiger when she was available to serve as guardian of the

person.  Daughter's Brief, at 32-42.  We disagree.

We have held that:

[t]he appointment of a guardian lies within the discretion of the
trial court and will be overturned only upon an abuse of discretion.
Discretion must be exercised on the foundation of reason.  An
abuse of discretion exists when the trial court has rendered a

- 6 -

judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*In re Duran*, 769 A.2d 497, 506 (Pa. Super. 2001) (citations and quotation marks omitted). "A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion." *Mader v. Dusquesne Light Co.*, 199 A.3d 1258, 1263-1264 (Pa. Super. 2018) (citations and internal quotation marks omitted).

At the October 4, 2017 hearing Mr. Cherewka, the agent under Christiana Zeiger's power of attorney since December 24, 2015, stated he did not want to serve as guardian and recommended that the court appoint Keystone. N.T. Hearing, 10/04/2017, at 13; N.T. Hearing 3/05/2018, at 8.[3] The court then stated it was giving due deference to the recommendation of Mr. Cherewka.

The testimony at the hearing clearly demonstrated that Daughter loved her mother and the two had a close relationship. *See* N.T. Hearing 10/04/2017, at 14; N.T. Hearing 1/11/2018, at 6-21; N.T. Hearing,

---

[3] Mr. Cherewka testified that, on December 24, 2015, Christiana Zeiger revoked the powers of attorney held by her children. N.T. Hearing, 3/05/2018, at 8.

3/05/2018, at 27. However, the evidence also showed that, whatever the rights and wrongs of the situation were,[4] Country Meadows was not willing to allow Christiana Zeiger to remain in their facility if the court appointed Daughter as her guardian. N.T. 3/05/2018, at 38-39. Daughter devoted the entirety of her testimony to discussing her close relationship with her mother and giving her version of the issues with Country Meadows. N.T. Hearing, 1/11/2018, at 21-46. At no point in her testimony did she explain how she was going to care for her mother if Country Meadows evicted her or where her mother would live. *See id.* The record supports the trial court's factual findings that, due to the friction between Country Meadows and Daughter, there was ample reason to appoint Keystone as guardian of Christiana Zeiger's person. *Mader*, *supra* at 1263-1264; *Duran*, *supra* at 506; 20 Pa.C.S.A. § 5604(c)(2). We have thoroughly reviewed the briefs and the certified record, and Daughter has not shown that the orphans' court abused its discretion in following the recommendation of Mr. Cherewka, the GAL and both of

_____

[4] On appeal, Daughter complains that the evidence presented and relied upon by the court regarding the problems that Country Meadows had with her was not competent because it was hearsay. Daughter's Brief, at 39-42. However, Daughter does not point to, and we are unable to locate any point at the hearing where she objected to either the testimony or the admissions of the exhibits. Thus, she has waived any challenge on this basis. *See* Pa.R.A.P. 302(a); *Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1, 45-46 (Pa. 2011).

Christiana Zeiger's sons, when it appointed Keystone as the sole plenary guardian of Christiana Zeiger's person. Daughter's second claim fails.

In her final claim, Daughter contends that the orphans' court erred in denying her request for Christiana Zeiger's medical and other unspecified records. Daughter's Brief, at 42-48. We disagree.

Since this issue concerns an evidentiary ruling by the trial court, our standard of review is as follows:

> Generally, an appellate court's standard of review of a trial court's evidentiary rulings is whether the trial court abused its discretion; however, where the evidentiary ruling turns on a question of law our review is plenary.

**Buckman v. Verazin**, 54 A.3d 956, 960 (Pa. Super. 2012) (citation omitted), *appeal denied*, 77 A.3d 1258 (Pa. 2013).

Patient medical records fall under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and a facility or a physician can only disclose them if served with a court order. **See** 45 C.F.R. § 164.512(e)(1)(i)(ii). Our courts have established a balancing test to determine the propriety of issuing such an order.

> [W]e must engage in the delicate task of weighing competing interests. The factors which should be considered in deciding whether an intrusion into an individual's privacy is justified are the type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury for disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*Buckman*, *supra* at 961 (citation omitted).

Here, the orphans' court determined that Christiana Zeiger's medical records were irrelevant to the proceedings.[5]  Trial Court Opinion, 9/28/2018, at 5.  We agree that Daughter has not demonstrated any degree of need for access to the records.

Daughter has never challenged the orphan's court's finding of incapacity.  *See* Daughter's Brief, at 5.  Thus, Daughter did not need the medical records for that purpose, for which they would, arguably, have been relevant.  Instead, Daughter contends that she needed the records to refute the allegations made against her by Country Meadows.  *Id.* at 42, 46-47.  Daughter does not explain why this information would have been included in Christiana Zeiger's medical records or why she needed the entirety of the records.  While she baldly claims that "many of the documents" she requested are not subject to HIPAA, she does not specify which documents she is referring to and why they are not subject to HIPAA.  Daughter's Brief, at 45.

Further, we disagree with Daughter's general complaint that the orphans' court's decision to deny her petition for documents prejudiced her at

_____

[5] The record reflects that the court did direct that Mr. Cherewka turn over a copy of Christiana Zeiger's long-term care insurance and other financial documents to Daughter.  N.T. Hearing, 3/05/2018, at 21-22.  Daughter does not claim that she did not receive those documents and we were unable to determine from her vague argument on this issue what additional non-medical documents she is seeking.  *See* Daughter's Brief, at 42-48.

the hearing. The purpose of the hearing was not to make a determination of the rights and wrongs of Daughter's complaints about Country Meadows and their complaints about her, but to determine whether there was good cause to appoint Keystone, a neutral third party, as Christiana Zeiger's permanent plenary guardian. The orphans' court was presented with the circumstances that, regardless of who was to blame, the friction between Daughter and Country Meadows had reached a point where it had threatened to discharge Christiana Zeiger in the past and specifically stated it would discharge her in the immediate future if the court appointed Daughter as her guardian. As noted above, Daughter offered no alternative plans for her mother's care. Thus, she has not shown that the court's denial of her request for documents prejudiced her. Further, we discern no error of law in the orphans' court's refusal to turn over protected records, which were irrelevant to the proceedings. Daughter's final claim fails.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/19/2019