467 A.2d 1130

COMMONWEALTH of Pennsylvania, Appellee,

v.

Henry TRIBBLE, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 21, 1983.

Decided Dec. 1, 1983.

Douglas M. Johnson, Chief, Appeals Div., Michael Gottlieb, Norristown, for appellant.

Ronald Williamson, Chief, Appeals Div., Joseph J. Hylan, Norristown, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

On January 27, 1981, appellant, Henry Tribble, was convicted by a jury of theft of movable property.[1] Motions for

1. 18 Pa.Cons.Stat.Ann. § 3921(a) (Purdon 1973).

a new trial and arrest of judgment were denied, and appellant was sentenced to a prison term of six to twenty-three months. Appellant's judgment of sentence was affirmed by the Superior Court on July 23, 1982. *Commonwealth v. Tribble,* 302 Pa.Super 595, 448 A.2d 1174 (1982). On September 28, 1982, this Court granted appellant's petition for allowance of appeal.

Appellant contends that the evidence presented at trial by the Commonwealth was insufficient to establish his guilt beyond a reasonable doubt.

■ The test for sufficiency of evidence in a criminal case is whether, viewing all of the evidence admitted at trial in a light most favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Bastone,* 466 Pa. 548, 353 A.2d 827 (1976).

The record discloses the following: On June 19, 1980, several trucks owned by the Opportunity Board of Montgomery County were broken into. The trucks had been locked the night before the break-in and secured behind a high chain link fence. The trucks that were broken into were identified as numbers 1, 2, 3 and 7. Certain hand and power tools were missing from truck # 7. Additionally, tools taken from truck # 1 were found in trucks # 2 and # 7.

Appellant was employed by the Opportunity Board until he was fired on April 17, 1980, approximately two months prior to the break-in. While he was employed by the Board, appellant was in frequent physical contact with the trucks that were broken into. Appellant returned to the job site some time in June of 1980 to inquire about the possibility of being rehired.

Following the discovery of the break-in, five fingerprints were lifted from trucks # 1, # 2 and # 3. The Commonwealth's fingerprint expert, an F.B.I. agent, testified that a

fingerprint lifted from the driver-side door button of truck # 1 and another fingerprint lifted from the driver-side wing window of truck # 2 were appellant's. On cross-examination, the F.B.I. agent testified that he could not tell from his analysis how long the prints had been on the surfaces of the trucks, and that it was possible that a print could be lifted from a surface as long as two months after it was placed there.

In denying defense counsel's demurrer at the close of the Commonwealth's case, the trial court stated:

Considering the trucks were kept outside in the elements and are used daily by the employees, there is a reasonable inference that the fingerprints were impressed between closing time on June 18 and opening time on June 19. Likewise, the defendant could not have just wandered into the compound, but had to make an effort to gain entrance. Therefore, even though no fingerprints were obtained from vehicle number seven, the circumstantial evidence is sufficient to sustain a conviction of theft of movable property, and the defendant's motion for demurrer was properly denied.

While it is a reasonable inference that appellant's fingerprints were impressed on June 18th or 19th, an equally reasonable inference may also be drawn that appellant's fingerprints were impressed prior to the time of the break-in, since appellant was in frequent physical contact with the trucks when he worked for the Board only two months prior to the break-in and/or when he returned to the site in June only days prior to the break-in. Furthermore, there is no evidence that these trucks were used frequently; a fact which, if established, would diminish the possibility that the prints were old.

■ In *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), this Court stated:

When two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a jury must not be permitted to guess which inference it will adopt, especially when one of the two

guesses may result in depriving a defendant of his life or his liberty. (Quoting *Commonwealth v. Woong Knee New*, 354 Pa. 188, 47 A.2d 450 (1946)).

Consequently, since the testimony presented by the Commonwealth to establish appellant's guilt is at least equally consistent with appellant's innocence, there is insufficient evidence to sustain appellant's conviction.[2]

Accordingly, the order of Superior Court is reversed, appellant's judgment of sentence is reversed and appellant discharged.

HUTCHINSON, J., concurs in the result.

McDERMOTT, J., dissents.

---

**2.** Since the issue of sufficiency of the evidence is meritorious, we need not address the remaining issues of error raised by appellant.