639 A.2d 1178

**COMMONWEALTH of Pennsylvania**

v.

**Adalberto ROMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1993.

Decided April 8, 1994.

Peter C. Bowers, Philadelphia, for A. Roman.

Catherine Marshall, Joan Weiner, Ronald Eisenberg, Philadelphia, for Com.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

### ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

LARSEN, J., did not participate in the decision of this case.

PAPADAKOS, J., files a dissenting opinion.

MONTEMURO, J., who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.

PAPADAKOS, Justice, dissenting.

I dissent to the Court's disposition of this matter as improvidently granted. I have concluded from the facts that inconsistent statements made by two Commonwealth witnesses so tainted the verdict of guilt that it was rendered untrustworthy as a matter of law. The evidence of guilt was so unreliable and contradictory as to be based on pure conjecture. This was reversible error. *Commonwealth v. Cristina,* 481 Pa. 44, 391 A.2d 1307 (1978); *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976). In effect, the verdict violates the due

process requirement that every element of a crime be proven beyond a reasonable doubt.

Petitioner rested his case on self-defense: that he killed only after the victim (the passenger in a car) reached for a handgun. Commonwealth witness Michael Sanchez's testimony clearly supported the prosecution:

So, during that time when I went—when I stepped towards him, he pulled out a gun and he shot him.

(T.T., p. 89). (No indication that the victim had a weapon.)

On the other hand, Commonwealth witness Raymond Nieves testified:

Q. Did you see anything in the passenger's hand at that moment?

A. When you mean hand, I mean I saw him falling down reaching to his belt, okay.

THE COURT: After you heard the bangs you saw the passenger falling down reaching into his belt?

THE WITNESS: Right.

THE COURT: But he was falling from a standing position?

THE WITNESS: Yeah.

BY MR. PREMINGER:

Q. And did you see anything in his belt or in his hand?

A. It looked like the butt of a gun.

Q. And this is the passenger that you are talking about?

A. This is the passenger.

(T.T., p. 163).

Our law on the subject of inconsistent statements by Commonwealth witnesses derives from our holding in *Commonwealth v. Woong Knee New*, 354 Pa. 188, 221, 47 A.2d 450, 468 (1946):

[W]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a jury must not be permitted to guess which inference it will adopt, especially when one of the two

guesses may result in depriving a defendant of his life or his liberty.

This rule has been affirmed as a correct statement of the law in *Commonwealth v. Martin,* 479 Pa. 63, 387 A.2d 835 (1978); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1987); and *Commonwealth v. Tribble,* 502 Pa. 619, 467 A.2d 1130 (1983).

The Commonwealth's response that several other witnesses supported its version of the facts rings hollow because the testimony of Nieves, a crucial eyewitness called by the prosecution, directly contradicted the Commonwealth's case. "When a party on whom rests the burden of proof, in either a civil or criminal case, offers evidence consistent with two opposing propositions, he proves neither." *Woong Knee New,* 354 Pa. at 221, 47 A.2d at 486. I cannot conclude that the Commonwealth met its burden of proof as a matter of law.