**COMMONWEALTH of Pennsylvania**

v.

**Paul TOMASELLO, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 11, 1997.

Filed April 14, 1997.

Philip D. Lauer, Easton, for appellant.

Paula Roscioli, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and JOHNSON and OLSZEWSKI, JJ.

CIRILLO, President Judge Emeritus.

Paul Tomasello appeals from the judgment of sentence of the Court of Common Pleas of Northampton County. We affirm.

Tomasello, a police officer in the Upper Mount Bethel Police Department, was conducting a routine patrol during the early morning hours of April 1, 1995, when he happened upon a parked vehicle. Inside the vehicle the victim and her boyfriend were engaged in amorous activities. Tomasello pulled his cruiser behind the vehicle and approached the driver side window. Upon reaching the window, Tomasello knocked on the glass and requested the young man's license and registration. The young man complied. After inspecting the documents, Tomasello instructed the victim to step outside the vehicle, and explained to the young man that he (Tomasello) would take her home. Tomasello then advised the young man that he should leave.

After the young man had driven away, Tomasello directed the victim to the back seat of his cruiser where he proceeded to french kiss the victim and fondle her breasts. Tears streaming down her face, the victim tried to push Tomasello away and begged him to take her home. Gesturing to his penis, Tomasello promised that if she kissed him where he wanted, he would take her home. Tomasello then kissed her and fondled her breasts again. Tomasello then drove the victim home. Shortly thereafter, the victim telephoned her boyfriend and the two of them reported the incident to the Blue Mountain Control Center.

Tomasello was arrested and charged with indecent assault and official oppression. A jury trial ensued. On the second day of trial, Tomasello made a motion *in limine*, requesting that the Commonwealth be precluded from offering the correct time of the phone call placed by the victim to Blue Mountain, because Trooper Steven Gerkovich, the ar-

resting officer, had previously provided Tomasello with incorrect information. This information placed the time of the call later in the morning of the incident and, as a result, Tomasello based his defense, that the victim had fabricated her story upon this later time. This motion was denied. Tomasello was convicted of both charges. This appeal followed. Tomasello presents the following issues for our consideration:

1. Did the trial court err in denying defendant's motion *in limine*, in which the defendant sought to preclude the Commonwealth from offering evidence of the placing of the first call by the alleged victim to a police facility earlier than 6:00 a.m.?

2. Did the trial court err in failing to determine that the action of the Commonwealth in incorrectly advising the defense counsel of the timing of the first call of the alleged victim to a police facility, prevented the offering of an earlier time for the call by a prosecution witness, and constituted a violation of the discovery rules, even if inadvertent, and whether or not the information was sought in a formal manner?

When reviewing alleged discovery violations, we must first determine whether the discovery rules are violated, and if so, whether the trial court abused its discretion in fashioning its remedy. *Commonwealth v. Jones*, 542 Pa. 464, 668 A.2d 491 (1995). Moreover, questions involving discovery lie within the discretion of the trial court and that court's decision will not be reversed absent an abuse of that discretion. *Commonwealth v. Rucci*, 543 Pa. 261, 282, 670 A.2d 1129, 1140 (1996). *Accord Commonwealth v. Gockley*, 411 Pa. 437, 449, 192 A.2d 693, 699 (1963).

Tomasello contends that the Commonwealth violated the discovery rules by providing him with incorrect information upon which he relied in the presentation of his case.[1] Specifically, Tomasello explains that he was uncertain as to the exact time that

---

1. Tomasello's intended defense at trial was that the victim had fabricated this story to avoid the consequences of staying out all night. He used

the time of the phone call supplied by Trooper Gerkovich to support his theory. Tomasello asserts that the allowance of the Commonwealth to

the victim placed the phone call reporting the incident. Due to this uncertainty, Tomasello asked the arresting officer, Trooper Steven Gerkovich what time the phone call was placed; Trooper Gerkovich responded that he believed that it was placed at 6 a.m. Tomasello complains that this inaccurate information supplied by the trooper, and relied upon at trial, deprived him of an effective presentation of his defense. We disagree.

Tomasello has failed to delineate which provision of the discovery rule the Commonwealth has in fact violated. We cannot review a trial court's decision to remedy certain prejudices for discovery violations without first determining whether a violation occurred at all. *Jones, supra.* Accordingly, before we can examine the alleged prejudice to Tomasello, we must determine which, if any of the discovery rules were violated. Rule 305 of the Pennsylvania Rules of Criminal Procedure governs discovery in criminal matters. Rule 305 provides in pertinent part:

**(B) Disclosure by the Commonwealth.**

(1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. . . .

(a) Any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession and control of the attorney for the Commonwealth;

\* \* \*

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence . . .

**(D) Continuing Duty to Disclose.** If prior to or during trial, either party discovers additional evidence or material previously requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule . . . such party shall promptly notify the opposing party or the court of the additional evidence . . .

Pa.R.Crim.P. 305, 42 Pa.C.S.A (1996).

██ After carefully reviewing the record, we find that the trial court correctly concluded that no discovery violation had occurred. *Rucci, supra.* Pursuant to Rule 305, the Commonwealth disclosed to Tomasello all the evidence that it had in its possession concerning the phone call of the victim. Specifically, the Commonwealth provided Tomasello with the operation log for the Blue Mountain Control Center, statements of witnesses, and a copy of the police report. Although the operation log did not contain any record of the victim's phone call,[2] the police report explicitly stated that an unknown female had called Blue Mountain at 5:11 a.m. and that the call lasted until 5:18 a.m. Because the police report containing the time of the phone call was provided by the Commonwealth, we fail to find any discovery violation. *See* Pa.R.Crim.P. 305, 42 Pa.C.S.A. (1996).

Tomasello contends that because of his conversation with Trooper Gerkovich, he was led to believe that the phone call did not take place until 6 a.m. and that this discrepancy somehow amounted to a discovery violation. The discovery rules only require the Commonwealth to disclose material evidence. The Commonwealth clearly disclosed the information that it had in its possession. The discovery rules do not require the Commonwealth to prepare every aspect of the defendant's case. If Tomasello had carefully read all the materials which the Commonwealth had provided, he would have known the correct time of the phone call. Instead, Tomasello waited until practically the eve of trial, months after the incident, to rely upon the recollection of the officer responsible for the

---

introduce evidence that the phone call had occurred earlier in the morning not only undercut his credibility with the jury, but also forced him to abandon his theory in the middle of trial.

**2.** The operation log did not list the victim's phone call because only radio transmissions are recorded.

police report. Failure to adequately prepare, not the Commonwealth, caused any prejudice that Tomasello may have incurred as a result of using the wrong time. We cannot agree, therefore, that Tomasello's discussion with Trooper Gerkovich amounted to a discovery violation. Having found no discovery violation, we need not address Tomasello's claim of prejudice arising from a violation thereunder. *Jones, supra.*

Judgment of sentence affirmed.