J-S33034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES MATTHEW STRUNK | |
| Appellant | No. 1621 WDA 2015 |

Appeal from the Judgment of Sentence September 21, 2015
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002700-2014

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 17, 2016**

Appellant, James Matthew Strunk, appeals from the judgment of sentence entered in the Blair County Court of Common Pleas,[1] following his conviction for the summary offense of public drunkenness.[2]  We affirm.

The relevant facts and procedural history of this case are as follows. At approximately 12:50 p.m. on October 15, 2014, Sergeant Robert Archey and Patrolman Erik Stirk responded to a dispatch regarding a person lying in

_____

[1] Although Appellant purports to appeal from the order finding him guilty of public drunkenness, the appeal properly lies from the judgment of sentence imposed following his bench trial conviction for that offense.  **See Commonwealth v. W.H.M., Jr.**, 932 A.2d 155 (Pa.Super. 2007) (stating direct appeal in criminal proceeding properly lies from judgment of sentence).

[2] 18 Pa.C.S.A. § 5505.

_____

*Former Justice specially assigned to the Superior Court.

an alley. The officers arrived on the scene within minutes. Sergeant Archey was the first to arrive. As he approached the reported location, a woman pointed at the alley. From the street, Sergeant Archey observed Appellant leaning against a van in a parking area adjacent to the alley. Appellant was unstable and unsteady on his feet. As Sergeant Archey spoke to Appellant, the officer noticed that Appellant appeared "out of it," "a little confused," and "smiling." (N.T. Trial, 9/15/15, at 7). Appellant also said he was "just a little high." *Id.* Appellant walked to the other end of the van in a swaying and unsteady manner. Sergeant Archey observed a hypodermic needle on the ground where Appellant had originally been standing. When Patrolman Stirk arrived on the scene, he observed Appellant had an unsteady gait and slurred speech. After Sergeant Archey brought Patrolman Stirk's attention to the hypodermic needle, Patrolman Stirk arrested Appellant. At that point, Patrolman Stirk detected an odor of alcohol on Appellant's breath.

Following a bench trial, the court convicted Appellant of public drunkenness. On September 21, 2015, the court sentenced Appellant to pay a $200.00 fine plus costs of prosecution. Appellant filed a timely notice of appeal on October 6, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issue for our review:

> DID THE [TRIAL] COURT COMMIT REVERSIBLE ERROR
> WHEN IT FOUND THAT THE COMMONWEALTH HAD MET

ITS BURDEN [OF] PROOF BEYOND REASONABLE DOUBT AS THE [TRIAL] COURT CONCLUDED THAT…APPELLANT WAS "MANIFESTLY UNDER THE INFLUENCE OF ALCOHOL AND/OR CONTROLLED SUBSTANCE" AS REQUIRED BY THE STATU[T]E?

(Appellant's Brief at 4).

Our standard of review for sufficiency of the evidence claims implicates the following legal principles:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crimes Code defines the offense of public drunkenness in pertinent part as follows:

- 3 -

**§ 5505.  Public drunkenness and similar misconduct**

A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance…to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity.

18 Pa.C.S.A. § 5505.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Timothy M. Sullivan, we conclude Appellant's issue merits no relief.  The trial court opinion comprehensively discusses and properly disposes of the question presented.  (***See*** Trial Court Opinion, filed October 28, 2015, incorporating its Opinion and Order, filed September 18, 2015, at 2-5) (finding: Officers Archey and Stirk testified credibly; location where officers confronted Appellant constituted "public place"; evidence established that Appellant was person who was reported lying in alley; responding officers testified that Appellant was unsteady and unstable on his feet, swayed with staggered gait, slurred his speech, and had odor of alcohol on his breath; officers recovered hypodermic needle from area where Appellant had been standing; officers' observations established beyond reasonable doubt that Appellant was manifestly under influence of alcohol and/or controlled substance to extent he might have posed danger to himself or others, or annoyed persons in his vicinity).  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :
                                 :
                                 : CR 2700 – 2014
                                 :
v.                               :
                                 :
JAMES M. STRUNK,                 :
          DEFENDANT              :
                                 :

HON. TIMOTHY M. SULLIVAN          PRESIDING JUDGE

JACKIE ATHERTON-BERNARD, ESQUIRE  CHIEF ASST. DISTRICT ATTY.
EDWARD E. ZANG, ESQUIRE           COUNSEL FOR DEFENDANT

## OPINION PURSUANT TO RULE 1925 OF THE PA RULES OF APPEALLTE PROCEDURE

### FACTUAL/PROCEDURAL HISTORY:

The Defendant, **James M. Strunk,** was originally charged with **Use/Possession of Drug Paraphernalia** and **Public Drunkenness** for an incident which allegedly occurred on or about October 15, 2014 within the City of Altoona. The Commonwealth later withdrew the Use/Possession of Drug Paraphernalia charge, as confirmed in an Order entered July 13, 2015 by the Honorable Wade A. Kagarise. The matter proceed to a summary trial on September 15, 2015, at which time the Commonwealth presented the testimony of Sergeant Robert Archey of the Blair County Sheriff's Office and Patrolman Erik Stirk of the Altoona Police Department. The Defendant testified in his own behalf.

1

#19

We entered an Opinion and Order dated September 17, 2015, consisting of 28 specific Findings of Fact and 10 Conclusions of Law. We adjudicated the Defendant guilty of the summary offense of Public Drunkenness. On September 21, 2015, we sentenced the Defendant to pay a $200 fine plus costs of prosecution. On October 6, 2015, the Defendant filed a timely Notice of Appeal and a Petition to Proceed In Forma Pauperis. We entered a Rule 1925(b) Order on October 13, 2015, directing the Defendant to file his Concise Statement of the Errors Complained of on Appeal within twenty (21) days thereafter. The Defendant has complied with said Order, filing his Concise Statement on October 21, 2015.

## *STANDARD OF REVIEW:*

Superior Court's standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. ***Commonwealth v. Marizzaldi***, 814 A.2d 249 (Pa. Super. 2002).

## *DISCUSSION:*

In his Concise Statement, the Defendant raises eight (8) specific allegations of error as follows:

**(a)     That the Court erred in admitting into evidence the Commonwealth's pictures of the alley in question at the trial over the objection of defense counsel as a violation of the Rules of Discovery.**

The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness or partiality, prejudice, bias,

2

or ill-will, or such lack of support to be clearly erroneous. ***Commonwealth v. Minich***, 4 A.3d 1063 (Pa. Super. 2010).

The evidence in question consisted of photographs of the alley and parking lot area where the Defendant was found by the police. During the Commonwealth's case-in-chief, we initially sustained the Defendant's objection and precluded admission of the photographs since they had not been provided in discovery. The photographs had essentially been taken "on the eve" of trial.

When reviewing a ruling on an alleged discovery violation, the reviewing court must first determine whether a discovery violation, in fact, occurred before it can reach the question of whether or not it was prejudicial to the defense. ***Commonwealth v. Thomasello***, 693 A.2d 1310 (Pa Super. 1997). The standard used in determining whether the trial court has erred in regard to a discovery violation is an abuse of discretion standard. ***Id.***

After the testimony of the Defendant, however, we allowed the Commonwealth to introduce the photographs into the record during cross-examination of the Defendant and the rebuttal testimony of Sergent Archey. The Defendant had denied that he was in the alley way and claimed he was on his friend's property. The Defendant denied that he ever fell or was laying on the ground.

The Defendant put the exact location of where this event occurred at issue during his testimony, i.e., whether this incident occurred on private property or on an area accessible to the public. Quite frankly, the admission of the photographs became highly relevant and probative, and certainly assisted this Court, as the trier of fact, in understanding the general lay-out of the area where the subject incident occurred.

3

Rule 401 defines "relevant evidence" as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**(b)  That the Court erred in its conclusion that the Commonwealth sustained its burden of proof beyond reasonable doubt which is contrary to the evidence.**

**(c)  That the Court erred in finding that the Defendant was the person reported as lying in the alley pursuant to the radio dispatch.**

**(d)  That the Court erred in concluding that the Defendant was under the influence of alcohol and/or a controlled substance to the extent that he posed a potential danger to himself or others.**

**(f)  That the Court erred in determining that the Defendant was manifestly under the influence of alcohol and/or a controlled substance and as such the Commonwealth could not sustain its burden of proof.**

The test for sufficiency of evidence in a criminal case is whether, viewing all the evidence admitted at trial in a light most favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Tribble*, 467 A.2d 1130 (Pa. 1983).

4

When reviewing the results of non-jury trial, the Superior Court gives great deference to the factual findings of the trial court. *Recreation Land Corp. v. Hartzfeld*, 947 A.2d 771 (Pa. Super. 2008).

In addressing alleged errors (b) through (d) and (f), we herein incorporate our Opinion and Order dated September 17, 2015. In entering our Opinion and Order, we found the testimony of the Commonwealth witnesses, Sergeant Robert Archey and Patrolman Erik Stirk, to be credible. As the trial judge, we were in a position to observe the law enforcement officers during their testimony, including the cross-examination by defense counsel.

**(e) That the Court erred in determining that the Defendant was in a public place, when he was on private property.**

In our Opinion and Order dated September 17, 2015, we found that the Defendant was the individual laying in the alleyway that prompted the 9-1-1 dispatch [Finding of Fact No 1; Conclusion of Law No. 3]. We also found that when law enforcement arrived on scene, the Defendant was standing on the northside of the alley leaning against a van [F. of F. No. 4]. The van was in a parking spot [F. of F. No. 12] near the alley and that both the van and alley are visible to the public [F. of F. No. 16 and Commonwealth Exhibits 1 and 2].

In our Conclusion of Law [No. 7], we cited the case of *Commonwealth v. Whritenour*, 751 A.2d 687 (Pa. Super. 2000) in support of our decision.

In *Whritenour*, the defendant was convicted of public drunkenness and disorderly conduct. Upon appeal, the Superior Court held that the "public elements of public drunkenness and disorderly conduct were met though the road on which the defendant was arrested was located in a private community: the community was "public" in that it consisted of residents of the homes of the community, their guests and employees, as well

5

as visitors attending religious events, users of the public library, and delivery people, all of whom utilized the road. 751 A.2d at 688.

The Court in **Whritenour** further noted that Black's Law Dictionary (5th Ed. 1979) defines private property as "such property as belongs absolutely to an individual, and of which he has the exclusive right of disposition." 751 A.2d at 688.

In further support of our decision, we cite **Commonwealth v. Meyer**, 431 A .2d 287 (Pa. Super. 1981), wherein the Court observed that

> [t]he term "public" does appear, however, in two places in the Crimes Code: in the section dealing with prostitution, section 5902, and in the section dealing with disorderly conduct, section 5503. Section 5902(f) defines it as "any place to which the public or any substantial group thereof has access." The ordinary meaning of "access" is: "the right to enter or make use of;" "the state or quality of being easy to enter."
>
> Section 5503(c) defines public places as, *inter alia*, "any premises which are open to the public."

In the case before us, the alleyway and parking lot were open; visible and accessible to the public. Certainly, the residents of the homes located in the general vicinity (and their guests, as the Defendant was on the date in question), had access to both the alleyway and parking lot. Therefore, the subject alleyway and parking lot fails to fit the definition of private property as set forth above.

**(g)  That the Court erred in failing to consider the transcript used in the omnibus pretrial hearing to find inconsistencies in the officer's testimony.**

**(h)  That Court appointed legal counsel failed to have the Court adopt said transcript as an exhibit.**

Defense counsel asserted that he "failed to have the Court adopt said transcript as an exhibit". It appears that counsel is raising an issue regarding his own effectiveness.

6

In a claim of ineffective assistance of counsel, a petitioner must plead and prove by a preponderance of the evidence that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of that counsel's deficiency. *Commonwealth v. McGill*, 832 A.2d 1014, 1020 (Pa. 2003).

We find no error by trial counsel. The Commonwealth witnesses were subject to cross-examination. As stated above, we found their testimony to be credible. To adopt the pretrial transcript as an exhibit would have had no effect.

Therefore, we respectfully request your Honorable Superior Court of Pennsylvania to affirm our Opinion and Order of September 17, 2015 and our judgment of sentence.

BY THE COURT:

Timothy M. Sullivan, J.

Dated: October 28, 2015

7

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    :
   :
   : CR 2700 – 2014
   :
v.    :
   :
JAMES M. STRUNK,    :
        DEFENDANT    :
   :

HON. TIMOTHY M. SULLIVAN       PRESIDING JUDGE

JACKIE ATHERTON-BERNARD, ESQUIRE     CHIEF ASST. DISTRICT ATTY.
EDWARD E. ZANG, ESQUIRE            COUNSEL FOR DEFENDANT

## OPINION AND ORDER

### FACTUAL/PROCEDURAL HISTORY:

The Defendant, **James M. Strunk,** was originally charged with **Use/Possession of Drug Paraphernalia** and **Public Drunkenness** for an incident which allegedly occurred on or about October 15, 2014 within the City of Altoona. The Commonwealth later withdrew the Use/Possession of Drug Paraphernalia charge, as confirmed in an Order entered July 13, 2015 by the Honorable Wade A. Kagarise. The matter proceed to a summary trial on September 15, 2015, at which time the Commonwealth presented the testimony of Sergeant Robert Archey of the Blair County Sheriff's Office and Patrolman Erik Stirk of the Altoona Police Department. The Defendant testified in his own behalf. We now proceed to make the following:

### FINDINGS OF FACT:

1. On October 15, 2014, at approximately 12:50 p.m., the Altoona Police were dispatched to the area of Second Street and Fifth Avenue Alley within the City of Altoona due to a report of an individual lying in the alley.

2. On the date and at the time in question, Sergeant Robert Archey was on duty and in full uniform within his employment by the Blair County Sheriff's Office.

3. On the same date and time, Patrolman Erik Stirk was on duty, in full uniform and in a marked police cruiser within his employment as a City of Altoona Police Officer.

1



4.     Sergeant Archey was the first to arrive on scene. As he approached the corner of Second Street and Fifth Avenue Alley, a woman pointed in the direction of the alley. When Sergeant Archey went to the alley, there was no one lying on the ground, however, he did observe a male (later identified as the Defendant) standing on the northside of the alley leaning against a vehicle (a van).

5.     Sergeant Archey approached the Defendant and noted that he was unstable and unsteady on his feet. As he spoke, Sergeant Archey indicated that the Defendant "seemed out of it, "confused", "happy and smiling", and that the Defendant commented that he was "just a little high".

6.     The Defendant stated that he knew the owner of the van against which he was leaning.

7.     As the Defendant started walking toward the rear of the van, Sergeant Archey again observed that he was unsteady and swaying. The Defendant then began walking toward the front of the van, at which time, Sergeant Archey escorted him toward the rear and observed a hypodermic needle with an orange cap lying on the ground by the tire where the Defendant had originally been standing.

8.     Patrolman Stirk confirmed that he received a dispatch around 12:50 p.m. regarding a person lying in the alley, activated his siren and emergency lights and traveled to the scene.

9.     While driving to the scene, Patrolman Stirk observed two people pointing toward the alley and as he turned down toward the alley, noticed Sergeant Archey speaking to the Defendant, who was behind the van in the driveway.

10.     Patrolman Stirk exited his police cruiser and spoke to the Defendant, noting that he slurred his speech and was unsteady on his feet as he tried to walk around the vehicle.

11.     When Patrolman Stirk arrived on the scene, Sergeant Archey pointed out the hypodermic needle to Patrolman Stirk, who took same into evidence.

12.     The van against which the Defendant was leaning was in a parking spot near the alley.

13.     Patrolman Stirk confirmed that he had safety concerns as the original dispatch was that there was unresponsive male in the alley. He arrived on scene within five minutes of the dispatch.

14.     After Sergeant Archey pointed out the hypodermic needle, Patrolman Stirk placed the Defendant in custody and then detected an odor of alcoholic beverage emanating from his breath.

15. Both Sergeant Archey and Patrolman Stirk confirmed that alleys in the City of Altoona are approximately 15 feet wide. Patrolman Stirk noted that the back of the van was within 1 to 2 feet of the alley. In this particular area, the houses are situated very close together.

16. Both Sergeant Archey and Patrolman Stirk confirmed that the van and alley are visible to the public and are not hidden or obstructed in any way.

17. Patrolman Stirk, based upon his experience and training, opined that the Defendant was under the influence of alcohol and/or a controlled substance and perceived that the Defendant posed a danger to himself or others, or constituted a public nuisance.

18. Both Sergeant Archey and Patrolman Stirk made an in-court identification of the Defendant as being the individual involved on the date of incident.

19. At no time did Sergeant Archey or Patrolman Stirk observe any bruising, scratches, cuts or gravel about the Defendant's person.

20. Both Sergeant Archey and Patrolman Stirk confirmed that the Defendant was cooperative with them.

21. Sergeant Archey recalled an ambulance coming to the scene, although Patrolman Stirk did not recall seeing an ambulance. Both confirmed that to their knowledge, the Defendant did not receive any medical treatment at the scene or later in the day.

22. Patrolman Stirk confirmed that there was no blood alcohol test nor drug test performed on the Defendant.

23. Patrolman Stirk later opined that based upon his experience, training and observations, that he felt to allow the Defendant to walk the streets of Altoona would pose a risk to himself and/or others.

24. The Defendant admitted during his testimony that he was in the area of the alley way of Second Street and Fifth Avenue and standing by the van on the date and at the time in question. He indicated that a friend of his (Frank Lang) lived in the house nearby. He further acknowledged that he is aware that his friend has pending drug delivery charges.

25. The Defendant confirmed that he spoke to both Sergeant Archey and Patrolman Stirk on scene. Although the Defendant did not specifically recall, he admitted that he could have said that he "may be a little high."

26. Commonwealth Exhibits 1 and 2, being photographs, depict the alley way and area in question where law enforcement confronted the Defendant on the date and at the time in question.

27. We find the testimony of the Commonwealth witnesses, Sergeant Archey, and Patrolman Stirk, to be credible and truthful in all respects.

3

28.     During his testimony, the Defendant admitted that he "may have fibbed" when he asked the police officers "Why are you here?" when they arrived on scene.

In light of the foregoing Findings of Fact, we hereby make the following

## CONCLUSIONS OF LAW:

1.     The Commonwealth has sustained its burden of proof in proving each and every element of the charge of Public Drunkenness, 18 Pa. C.S.A. Section 5505, beyond a reasonable doubt.

2.     We specifically find that the location where law enforcement confronted the Defendant constitutes a "public place".

3.     We find that circumstantial evidence establishes that the Defendant was the person who was reported as lying in the alley through the dispatch received by both Sergeant Archey and Patrolman Stirk.

4.     The testimony by the Commonwealth witnesses that they observed the Defendant being unsteady and unstable on his feet, swaying and having a staggered gate, slurring his speech and further, Patrolman Stirk detecting an odor of alcoholic beverage emanating from the Defendant's breath, all support the Commonwealth's case that the Defendant was "manifestly under the influence of alcohol or a controlled substance" on the subject date of incident.

5.     We find that the Commonwealth established through circumstantial evidence, that the Defendant was the individual lying in the alley that prompted the dispatch.

6.     The Defendant was under the influence of alcohol and/or controlled substance to the extent that he posed a potential danger to himself or others, or where he potentially could annoy persons in his vicinity, consistent with Patrolman Stirk's testimony.

7.     "Public elements of offenses of public drunkenness and disorderly conduct were met, though road on which defendant was arrested was located in a private community; the community was "public" in that it consisted of residents of the homes of the community, their guests . . .   all of whom utilized the road." *Commonwealth V. Whritenour*, 751 A.2d 687, (Pa. Super. 2000), appeal denied 761 A.2d 550, 563 Pa. 701.

8.     An individual may be convicted of public drunkenness under this section, even though the arrest for the offense is made on private property. *Commonwealth v. Johnson*, 47 Pa. D.&C.3d 261 ((1986).

4

9.     "Manifest" is defined as apparent to the senses or the mind; obvious. [See Webster's New World Compact Office Dictionary, Fourth Edition 2003].

10.     The observations by Sergeant Archey and Patrolman Stirk concerning the Defendant, as set forth in Conclusion of Law #4 above, establish beyond a reasonable doubt the element of the Defendant being "manifestly" under the influence of alcohol or a controlled substance.

In consideration of the foregoing we enter the following

O

R

D

E

R

5

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :

    : CR 2700 – 2014

v.     :

JAMES M. STRUNK,     :
       DEFENDANT     :

    :

| | |
|---|---|
| HON. TIMOTHY M. SULLIVAN | PRESIDING JUDGE |
| JACKIE ATHERTON-BERNARD, ESQUIRE | CHIEF ASST. DISTRICT ATTY. |
| EDWARD E. ZANG, ESQUIRE | COUNSEL FOR DEFENDANT |

## *ORDER*

AND NOW, this _17th_ day of September, 2015, based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED, DIRECTED and DECREED** that the Defendant, **James M. Strunk,** is adjudicated **guilty** of the summary offense of **Public Drunkenness**. A sentencing date shall be scheduled under separate Order.

BY THE COURT:

_____ J.