J-S79012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LORENZO SABATER | : | |
| | : | |
| Appellant | : | No. 2 EDA 2017 |

Appeal from the Judgment of Sentence August 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002275-2016,
MC-51-CR-0001905-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                                    **FILED MAY 08, 2018**

Lorenzo Sabater appeals from the judgment of sentence imposed on August 9, 2016, in the Court of Common Pleas of Philadelphia County, following his non-jury convictions of possession of a controlled substance, possession with intent to deliver a controlled substance ("PWID"), and possession of drug paraphernalia.[1]  The trial court sentenced Sabater to ten years of probation.  In this appeal, Sabater challenges the denial of his motion to suppress, the sufficiency of the evidence, and the weight of the evidence. Based upon the following, we vacate the judgment of sentence and remand for resentencing.

_____

[1]  35 P.S. §§ 780-113(a)(16), (a)(30), and (a)(32), respectively.

J-S79012-17

The trial court summarized the facts underlying Sabater's convictions as follows:

The evidence adduced at the Motion and Trial on May 12, 2016 was as follows:[2] On January 19, 2016, at approximately 11:00 p.m., Police Officer Delricci and his partner, Police Officer Sidebotham, observed a silver Buick traveling northbound on the 6900 block of Norwood Street, a very high crime area in Philadelphia, without a functioning middle brake light. The officers had been placed in that specific area that night due to recent shootings in the area. They activated their lights and sirens, and the vehicle pulled over the side of the road. [Sabater] was in the front passenger side of the vehicle. He gave his identification to the officers2, and the PCIC/NCIC revealed that he had an active scofflaw warrant. At that point, [Sabater] was removed from the vehicle and placed in handcuffs for arrest. The driver was still sitting in the driver's seat, and Officer Delricci proceeded to "frisk" the immediate area for weapons in the passenger area where [Sabater] had been seated, for officer safety, as he testified that the driver or the passenger could have secreted a weapon under the seats before the officers approached the vehicle; the officer had approximately 60-70 situations in which he had found weapons secreted under seats in vehicles, and 10-15 of them were specifically under the passenger seat. Officer Delricci recovered a black scale that he believed was for narcotics from under the driver's seat. At that time, he called for a K-9 dog to come out to the location, and the K-9 "hit on" the passenger's seat in the center console/cup holder area, leading to the glove box area. The officer also recovered from under the glove box three bundles of heroin, small ziplock bags with blue glassine, 28 of the bags were stamped "Almighty," and 14 were stamped "Illuminati." In addition, cash in the amount of $1,565.00 was recovered from [Sabater]. [Sabater] indicated that he was unemployed on his [] biographical information report.

_____

_____

2  Following the denial of Sabater's motion to suppress, Sabater and the Commonwealth stipulated to incorporation at trial of all non-hearsay evidence presented at the suppression hearing.

- 2 -

> [2] Officer Delricci testified that he always asked for identification from all people in a car to see if any warrants were outstanding. He acknowledged, however, that the person can refuse, and there was nothing the officer could do.
>
> _____
>
> Finally, the officer indicated that the driver/owner of the vehicle was then released, and not arrested and [Sabater] was taken to the Northwest Division Police Station. …

Trial Court Opinion, 6/30/17, at 2-3 (record citations omitted).

The Commonwealth subsequently charged Sabater with one count each of possession of a controlled substance, PWID, and possession of drug paraphernalia. On March 31, 2016, Sabater filed a pretrial motion to suppress the evidence recovered during the search of the vehicle and his person. Following a hearing, the trial court denied the motion to suppress on May 12, 2016. On that same date, the case proceeded to a non-jury trial. The court announced its verdict on May 19, 2016, finding Sabater guilty of all charges. On August 9, 2016, the court sentenced Sabater to ten years of probation for the PWID conviction. No further penalty was imposed for the remaining

convictions. Sabater filed a post-sentence motion on August 19, 2016, which as denied by operation of law.[3] This timely appeal followed.[4]

In his first issue,[5] Sabater argues the trial court erred in denying his pretrial motion to suppress the contraband recovered from the vehicle. Sabater claims the vehicle search was unsupported by probable cause because neither of the officers observed anything suggesting the vehicle contained evidence of criminal activity. *See* Sabater's Brief at 44. Sabater further asserts the police lacked reasonable suspicion to believe the vehicle contained weapons posing a threat to their safety. *See id.* at 47. He claims the officer's

_____

[3] According to the trial court docket, Sabater filed his post-sentence motion on August 23, 2016. The time stamp on the motion, however, indicates it was filed on August 19, 2016. Therefore, we deem the motion to have been timely filed within ten days of the imposition of sentence, pursuant to Pa.R.Crim.P. 720(A)(1). Consequently, Sabater's notice of appeal is also timely, as it was filed on December 21, 2016, within thirty days after the date his post-sentence motion was denied by operation of law. *See* Pa.R.Crim.P. 720(A)(2)(b) (stating that if the defendant files a timely post-sentence motion, the notice of appeal shall be filed within thirty days after entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion).

[4] On April 4, 2017, the court ordered Sabater to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 18, 2017, Sabater filed a concise statement along with a request for an extension of time to file a supplemental statement. The court granted the extension on April 25, 2017, directing Sabater to file a supplemental concise statement within 21 days of counsel's receipt of all notes of testimony. Sabater filed the supplemental statement on May 30, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 30, 2017.

[5] We have reordered Sabater's issues for purposes of disposition.

previous recovery of firearms from under car seats and the high-crime area where the stop occurred, absent more, were insufficient to justify the search based on a concern for officer safety. *See id.*

Our standard of review of a trial court's denial of a motion to suppress is as follows:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court] is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

*Commonwealth v. Mason*, 130 A.3d 148, 151–152 (Pa. Super. 2015) (quotation omitted), *appeal denied*, 138 A.3d 3 (Pa. 2016).

"The Fourth Amendment of the United States Constitution and Article I, Section [8] of the Pennsylvania Constitution guarantee individuals freedom from unreasonable searches and seizures." *Commonwealth v. El*, 933 A.2d 657, 660 (Pa. Super. 2007), *aff'd*, 977 A.2d 1158 (Pa. 2009). "The concept of standing in a criminal search and seizure context empowers a defendant to

assert a constitutional violation and thus seek to exclude or suppress the government's evidence pursuant to the exclusionary rules under the Fourth Amendment of the United States Constitution or Article I, Section 8 of the Pennsylvania Constitution." *Commonwealth v. Bostick*, 958 A.2d 543, 550-51 (Pa. Super. 2008), *appeal denied*, 987 A.2d 158 (Pa. 2009). "A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy." *Commonwealth v. Maldonado*, 14 A.3d 907, 910 (Pa. Super. 2011).

> [A] defendant must allege one of the following "personal" interests in order to establish standing: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged include as an essential element of the prosecution's case, the element of possession at the time of the contested search and seizure; or (4) a proprietary or possessory interest in the searched premises.

*Commonwealth v. Peterkin*, 513 A.2d 373, 378 (Pa. 1986), *cert. denied*, 479 U.S. 1070 (1987).

> A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized. Whether defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion. The determination whether defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant.
>
> With more specific reference to an automobile search, this Court has explained as follows:
>
>> [G]enerally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to

challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched.

> An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances.

**Commonwealth v. Burton**, 973 A.2d 428, 435 (Pa. Super. 2009) (*en banc*) (internal citations omitted).

In **Burton**, **supra**, a panel of this Court concluded that a defendant, who was stopped for a routine traffic violation, "failed to demonstrate that he had a reasonably cognizable expectation of privacy in a vehicle that he did not own, that was not registered to him, and for which he ha[d] not shown authority to operate." **Id.** at 436.[6] Subsequently, in **Commonwealth v. Caban**, 60 A.3d 120 (Pa. Super. 2012), *appeal denied*, 79 A.3d 1097 (Pa. 2013), another panel of this Court stated there was no "distinction between automobile drivers and passengers . . . in determining whether a reasonable

---

[6] **See also Maldonado**, **supra**, (finding no basis for suppression because defendant-driver failed to meet his burden of establishing standing and a reasonable expectation of privacy in the vehicle searched where the evidence established the vehicle was not owed by or registered to him, and he did not demonstrate that he had authority to operate it).

expectation of privacy exists in a particular case." *Id.* at 130. *See Commonwealth v. Powell,* 994 A.2d 1096, 1107 (Pa. Super. 2010) ("In the present case, Powell submitted no evidence at the suppression hearing to demonstrate that he had any privacy interest in the trunk of the vehicle in which he was a passenger. ... Powell had no connection to the vehicle whatsoever."), *appeal denied*, 13 A.3d 477 (Pa. 2010).

Here, Sabater sought to suppress the evidence the police recovered from the vehicle during the warrantless search of the passenger side compartment.[7] Consequently, Sabater had a "preliminary burden of establishing standing and a legitimate expectation of privacy" in the area of the vehicle searched. *Maldonado*, *supra*, 14 A.3d at 910. Sabater had standing to move to suppress the evidence because the charges against him included as an essential element possession of the contraband at the time of the search.

Nevertheless, Sabater failed to prove he had a legitimate expectation of privacy in the areas of the automobile where the search occurred. Sabater

_____

[7] In his motion to suppress, Sabater contested both the constitutionality of the traffic stop and the subsequent search of the vehicle. Sabater's brief on appeal, however, challenges only the lawfulness of the search. Therefore, the issue of the legality of the traffic stop has been abandoned and waived for purposes of this appeal. *See Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) (deeming issue waived on appeal where appellant abandoned issue in brief), *appeal denied*, 615 A.2d 1311 (Pa. 1992).

was merely a passenger in the vehicle, which was registered to another individual. No evidence produced at the suppression hearing suggested that Sabater had any other connection to it. He did not assert he owned the vehicle, that it was registered to him, or that he had any authority to operate it. **See Burton**, 973 A.2d at 436. The police recovered the contraband from underneath Sabater's seat and from the area behind the glove box. Sabater presented no evidence, and he makes no argument on appeal, that he had even a subjective expectation of privacy in those areas. **See Powell**, **surpa**.[8] Because Sabater failed to meet his burden of establishing a legitimate expectation of privacy, the officer's search of the vehicle did not violate his rights under the Fourth Amendment or Article I, Section 8 of the Pennsylvania Constitution. Therefore, the trial court properly denied Sabater's motion to suppress. Accordingly, his first claim fails.[9]

_____

[8] **See also Commonwealth v. Millner**, 888 A.2d 680, 692 (Pa. 2005) (holding there was no basis for suppression of a firearm seized from a vehicle, where the defendant offered no evidence that he owned the vehicle or had any other connection to it which could form the basis for even a subjective expectation of privacy); **Commonwealth v. Viall**, 890 A.2d 419, 423 (Pa. Super. 2005) (stating an ordinary passenger in an automobile does not by his mere presence have a legitimate expectation of privacy in the entire passenger compartment of that vehicle).

[9] We note that in its Rule 1925(a) opinion, the court analyzed whether the search of the vehicle was proper and "reluctantly conclude[d] that the search for weapons in this matter was without reasonable suspicion that the occupants of the car were armed and dangerous[.]" Trial Court Opinion,

In his second issue, Sabater challenges the sufficiency of the evidence supporting his convictions. Sabater argues the Commonwealth failed to prove he constructively possessed the contraband inside the vehicle. **See** Sabater's Brief at 12. Sabater contends there was another individual in the vehicle when it was pulled over, and the vehicle was registered in that individual's name. **See id.** at 20. Sabater asserts there was insufficient evidence that he actually knew of the existence of the contraband, which was hidden under his seat and behind the glove compartment. **See id.**

Our standard of review for a challenge to the sufficiency of the evidence is well-settled:

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.] The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.

---

6/30/2017, at 9. The court did not address the preliminary issue of whether Sabater established he had a privacy interest in the car. Nevertheless, we are "not bound by the rationale of the trial court, and we may affirm the trial court on any basis." **Commonwealth v. Williams**, 73 A.3d 609, 617 n.4 (Pa. Super. 2013), *appeal denied*, 87 A.3d 320 (Pa. 2014).

*Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (internal citations and quotation marks omitted), *appeal denied*, 167 A.3d 698 (Pa. 2017).

Section 780-113 of The Controlled Substance, Drug, Device and Comestic Act provides in relevant part:

(a)  The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

\* \* \*

(32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or

otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. §§ 780-113(a)(16), (30), (32).

"To sustain a conviction for possession of drug paraphernalia the Commonwealth must establish that items possessed by defendant were used or intended to be used with a controlled substance so as to constitute drug paraphernalia and this burden may be met by Commonwealth through circumstantial evidence." **Commonwealth v. Little**, 879 A.2d 293, 300 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1057 (Pa. 2005).

The following principles govern the Commonwealth's burden of proof in drug possession cases:

> In narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband. Actual possession is proven by showing ... [that the] controlled substance [was] found on the [defendant's] person. If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession of the drug.

**Commonwealth v. Vargas**, 108 A.3d 858, 868 (Pa. Super. 2014) (*en banc*) (internal citations and quotation marks omitted), *appeal denied*, 121 A.3d 496 (Pa. 2015).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently

- 12 -

> defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> ***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012), *appeal denied*, [] 63 A.3d 1243 (2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. ***Commonwealth v. Sanes***, 955 A.2d 369, 373 (Pa. Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

***Commonwealth v. Hopkins***, 67 A.3d 817, 820-821 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013). "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." ***Commonwealth v. Harvard***, 64 A.3d 690, 699 (Pa. Super. 2013) (citation omitted), *appeal denied*, 77 A.3d 636 (Pa. 2013).[10]

In the present case, the evidence was sufficient to conclude Sabater was in constructive possession of the scale found in the vehicle. The scale was located directly under Sabater's seat, and within his reach. The officer who conducted the search specifically testified that the scale "was right at the front of the seat." N.T., 5/12/16, at 42. Additionally, Sabater was carrying $1,565.00 in cash and indicated on a police form that he was unemployed.

_____

[10] "The purpose of the constructive possession doctrine is to expand the scope of possession statutes to encompass those cases where actual possession at the time of arrest cannot be shown but where the inference that there has been actual possession is strong." ***Commonwealth v. Carroll***, 507 A.2d 819, 820 (Pa. 1986) (citation omitted).

Officer James Trappler, who was qualified as an expert in the packaging, distribution, and sale of narcotics, testified that both the scale and the large amount of cash in Sabater's possession were factors indicating involvement in drug sales. *Id.* at 101, 104. Viewing the evidence in the light most favorable to the Commonwealth, the court, sitting as fact-finder, could reasonably conclude that the totality of the circumstances established the scale constituted drug paraphernalia and Sabater had the ability and intent to exercise control over it. *See Johnson*, *supra*.

Sabater's connection to the bags of heroin, however, was more tenuous. Unlike the scale, the drugs were not similarly located right at the front of his seat. They were fully concealed in the area behind the glove box. *See* N.T., 5/12/16, at 17. Indeed, the officer was only able to locate the heroin after a K9 dog conducted a sniff of the vehicle, and then the officer then had to pull on a piece of the vehicle's interior to access the drugs. *Id.* at 15, 17, 49. Sabater was not the owner of the vehicle, nor the only person in it at the time of the stop. Moreover, we find that given the surreptitious location of the drugs and the fact that Sabater was not the owner of the vehicle or its sole occupant, the Commonwealth did not establish Sabater possessed "conscious dominion" over the drugs, in which he had "the power to control the contraband and the intent to exercise that control." *Hopkins*, 67 A.3d at 820. As such, the Commonwealth failed to produce sufficient evidence for the court

to find beyond a reasonable doubt that Sabater had constructive possession of the drugs. Further, the court could no less reasonably have found the driver possessed the drugs and Sabater had no knowledge of them.[11] **See Commonwealth v. Tribble**, 467 A.2d 1130, 1131 (Pa. 1983) (stating that when two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a jury must not be permitted to guess which inference it will adopt, especially when one of the two guesses may result in depriving a defendant of his life or his liberty). Because the evidence of Sabater's guilt of possession of a controlled substance and PWID "is at least equally consistent with [his] innocence," the evidence is insufficient to sustain his convictions for those charges. **Id.** at 1132. Accordingly, we are compelled to reverse Sabater's convictions for 35 P.S. §§ 780-113(a)(16) and (a)(30), vacate his judgment of sentence, and remand for resentencing.[12]

In his third issue, Sabater argues the verdict was against the weight of the evidence because no evidence demonstrated he was aware of the

---

[11] It merits mention that the investigating officers did not charge the driver/owner of the vehicle at issue, who would, allegedly and presumably, have a closer connection to the drugs. **See** Trial Court Opinion, 6/30/2017, at 3.

[12] Because Sabater received no penalty on the only remaining conviction, possession of drug paraphernalia, we must remand for resentencing, since our disposition disturbs the entire sentencing scheme. **See Commonwealth v. Thur**, 906 A.2d 552, 569-570 (Pa. Super. 2006), *appeal denied*, 946 A.2d 687 (Pa. 2008).

contraband in the vehicle. Sabater emphasizes he was only a passenger in another individual's vehicle, the contraband was not in plain view, and he said and did nothing evincing his possession of the items. *See* Sabater's Brief at 39, 41. Sabater claims his convictions were the result of "a mere guess" that he possessed the contraband. *Id.* at 39-40. Because we have already determined that Sabater's convictions of possession of a controlled substance and PWID were not supported by sufficient evidence, we need only address his weight claim with respect to his conviction of possession of drug paraphernalia.

When a defendant challenges the weight of the evidence, he "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S.Ct. 1792 (U.S. 2014). Our review of a weight claim is well-established:

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of "a mere conflict in the testimony" and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock one's conscience. Thus, appellate review of a weight claim

consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Rosser*, 135 A.3d 1077, 1090 (Pa. Super. 2016) (*en banc*), *quoting* *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1196 (Pa. 2015) (citations omitted).

Instantly, Sabater timely filed a post-sentence motion in which he challenged the weight of the evidence supporting his convictions. *See* Motion For Reconsideration, 8/19/16, at 14. However, the trial court never specifically addressed the weight claim, because the motion was denied by operation of law.[13] Nevertheless, "when a claim is denied by operation of law, the effect of the denial operates in the same manner as if the court had denied the motion itself." *Commonwealth v. Upshur*, 764 A.2d 69, 73 (Pa. Super. 2000) (*en banc*), *appeal dismissed as improvidently granted*, 782 A.2d 538 (Pa. 2001). As such, the denial of Sabater's post-sentence motion, in which he challenged the weight of the evidence as an alternative to his sufficiency claim, substantiates an inference that the court did not believe the verdict "shock[ed] one's sense of justice." *Rossner*, 135 A.3d at 1090. *See Upshur*, *supra* (holding weight claim, which trial court failed to address in opinion, was

---

[13] Moreover, the trial court also focused solely on the suppression issue in its Rule 1925(a) opinion. *See* Trial Court Opinion, 6/30/2017, at 3-9.

still reviewable on appeal because court's denial of post-sentence motion signified court's dismissal of claim).

We agree. Although Sabater's conviction rests solely upon circumstantial evidence, including constructive possession of the scale, we detect no abuse of discretion on the part of the trial court in concluding the weight of the evidence, considering all the circumstances surrounding Sabater's arrest, supports the guilty verdict as to possession of drug paraphernalia. Indeed, we conclude that verdict does not "shock one's sense of justice." *Rossner*, 135 A.3d at 1090. Therefore, Sabater's final argument fails.

Judgment of sentence vacated as to the convictions pursuant to 35 P.S. §§ 780-113(a)(16) and (a)(30). Judgment of sentence affirmed in all other respects. Case remanded for resentencing only as to 35 P.S. §§ 780-113(a)(32) conviction. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/18

- 18 -